UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN MICHAEL MORGAN,

Plaintiff,

v. Case No. 3:26cv4948-TKW-HTC

JOHN GREENWALD, et al.,

Defendants.
_____________________________/

REPORT AND RECOMMENDATION

Plaintiff John Michael Morgan, a pretrial detainee at the Escambia County Jail proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983.[1] Doc. 1. Upon reviewing the complaint, the undersigned recommends that it be dismissed because Morgan failed to truthfully disclose his litigation history.

This Court's Local Rules require prisoners and *pro se* litigants to use the Court's complaint form when filing a civil rights complaint. *See* N.D. Fla. Loc. R. 5.7(A). Section VIII of the form requires litigants to disclose their specific prior litigation history. Section VIII.C. of the complaint form asks Morgan, "Have you filed any other lawsuit, habeas corpus petition, or appeal in *state or federal court*

---

[1] Morgan sues John Greenwald, John Bergosh, Steve Nash, and the Escambia County Board of County Commissioners, and states he is suing them in their individual and official capacities. Doc. 1 at 2-4. However, he alleges ***no facts*** involving them in the Statement of Facts.

either challenging your conviction or relating to the conditions of your confinement?" Doc. 1 at 12. The complaint form warns Morgan that "***failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.***" *Id.* at 10 (emphasis in original). Moreover, the complaint form advises plaintiffs to "err on the side of caution" if they are uncertain about whether a case should be identified. *Id.*

Despite signing the complaint under "penalty of perjury, that all of the information … included on or with [the] form, including [his] litigation history, is true and correct," (Doc. 1 at 14-15), Morgan did not truthfully disclose his litigation history. Morgan did not disclose any cases in response to Question VIII.C., and checked the box "No," indicating he had not filed any "other lawsuit, habeas corpus petition, or appeal in state or federal court either challenging [his] conviction or relating to the conditions of [his] confinement."

The Court takes judicial notice that Morgan previously filed a federal lawsuit relating to the conditions of his confinement: *Morgan v. Health Services Administration, et al.*, 3:23-cv-24706-LC-ZCB. Failure to disclose this case deprives the Court of the full picture of Morgan's litigation history and justifies dismissal of this case. *See Castillo v. Taylor*, 2016 WL 7368199, at *1 (S.D. Ga. Nov. 18, 2016) ("This case was filed simultaneously as the present action and was

obviously known to Plaintiff at the time he filed his original complaint. … Thus, Plaintiff has provided false information about his prior filing history in his complaint."), *report and recommendation adopted*, 2016 WL 7366091 (S.D. Ga. Dec. 19, 2016).

District courts have the inherent power to dismiss a case based on a plaintiff's failure to truthfully disclose his litigation history. *See McNair v. Johnson*, 143 F.4th 1301, 1308 (11th Cir. 2025). As one judge in this District has stated, "[i]f the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch, et al.*, No. 4:19cv191-RH-HTC, Doc. 52 at 1–2 (N.D. Fla. June 7, 2020).

For the reasons set forth above, the undersigned recommends this action be dismissed without prejudice and without an opportunity to amend. *See Rance v. Winn*, 287 F. App'x 840, 841 (11th Cir. 2008) ("[D]istrict courts need not permit amendment where it would be futile to do so.").

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE under this Court's inherent authority for Plaintiff's failure to truthfully disclose litigation history.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 13th day of October, 2026.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days of the date of this Report and Recommendation. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1.